## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| HANANIA AUTOMOTIVE GROUP, HA MOTORS, LLP d/b/a ACURA OF ORANGE PARK, HANANIA VOP, LLP d/b/a VOLKSWAGEN OF ORANGE PARK, HANANIA AUTOMOTIVE CORP. THREE, HHH MOTORS, LLP d/b/a HYUNDAI OF ORANGE PARK, HANANIA AOJ, LLP d/b/a AUDI JACKSONVILLE, HANANIA AUTOMOTIVE CORP. FOUR, HANANIA MIAMI, LLP d/b/a MIAMI ACURA, HANANIA AUTOMOTIVE EIGHT, LLC, HANANIA BLANDING 1, LLP d/b/a SUBARU OF ORANGE PARK, HANANIA AUTOMOTIVE NINE, LLC, HANANIA BLANDING 2, LLP d/b/a SUBARU OF ORANGE PARK, HANANIA AUTOMOTIVE TEN, LLC, HHH MOTORS 2, LLP d/b/a WESTSIDE HYUNDAI, HANANIA AUTOMOTIVE CORP. SIX, HANANIA OPM, LLC d/b/a ORANGE PARK MITSUBISHI, HANANIA FOP, LLP d/b/a ALFA ROMEO AND FIAT OF ORANGE | |

1

PARK d/b/a MASERATI OF
JACKSONVILLE d/b/a FIAT OF
ORANGE PARK, HANANIA
AUTOMOTIVE CORP. SEVEN,
HANANIA MOTORS, INC.,
HANANIA AUTOMOTIVE
MANAGEMENT CORP.,
HANANIA AUTOMOTIVE CORP.,
HANANIA AUTOMOTIVE CORP.
TWO, HANANIA AUTOMOTIVE
CORP. FIVE, HANANIA-
RICHARDSON MOTORCARS, LLC
d/b/a COCONUT POINT HONDA,
HANANIA-STOUT MOTORCARS,
LLC d/b/a ACURA OF
CHATTANOOGA, HANANIA
COLLISION CENTER, LLC,
SCOTTJACK, LLC, HANANIA-
CRABTREE MOTORCARS, LLC
d/b/a AUDI JACKSONVILLE, H2
MOTORCARS, LLC d/b/a IRON
CITY FORD

                    Defendants.

Plaintiff Zurich American Insurance Company, by way of Complaint

against Defendants Hanania Automotive Group, HA Motors, LLP d/b/a Acura of

Orange Park, Hanania VOP, LLP d/b/a Volkswagen of Orange Park, Hanania

Automotive Corp. Three, HHH Motors, LLP d/b/a Hyundai of Orange Park,

Hanania AOJ, LLP d/b/a Audi Jacksonville, Hanania Automotive Corp. Four,

Hanania Miami, LLP d/b/a Miami Acura, Hanania Automotive Eight, LLC,

Hanania Blanding 1, LLP d/b/a Subaru of Orange Park, Hanania Automotive

Nine, LLC, Hanania Blanding 2, LLP d/b/a Subaru of Orange Park, Hanania Automotive Ten, LLC, HH Motors 2, LLP d/b/a Westside Hyundai, Hanania Automotive Corp. Six, Hanania OPM, LLC d/b/a Orange Park Mitsubishi, Hanania FOP, LLP d/b/a Alfa Romeo and Fiat of Orange Park d/b/a Maserati of Jacksonville d/b/a Fiat of Orange Park, Hanania Automotive Corp. Seven, Hanania Motors, Inc., Hanania Automotive Management Corp., Hanania Automotive Corp., Hanania Automotive Corp. Two, Hanania Automotive Corp. Five, Hanania-Richardson Motorcars, LLC d/b/a as Coconut Point Honda, Hanania-Stout Motorcars, LLC d/b/a Acura of Chattanooga, Hanania Collision Center, LLC, Scottjack, LLC, Hanania-Crabtree Motorcars, LLC d/b/a Audi Jacksonville, H2 Motorcars, LLC d/b/a Iron City Ford, states as follows:

## THE PARTIES

1.     Plaintiff Zurich American Insurance Company ("ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  ZAIC is authorized to transact business and has transacted business in the State of Florida.

3

2.      Upon information and belief, Defendant Hanania Automotive Group is a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Blvd, Jacksonville, Florida 32244.

3.      Upon information and belief, Defendant HA Motors, LLP d/b/a Acura of Orange Park is a Florida limited liability partnership with a principal place of business at 7200 Blanding Blvd, Jacksonville, Florida 32244.

4.      Upon information and belief, the members of Defendant HA Motors, LLP d/b/a Acura of Orange Park are Hanania Imports, Inc., a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244, and Jack Y. Hanania, a citizen and resident of the State of Florida.

5.      Upon information and belief, Defendant Hanania VOP, LLP d/b/a Volkswagen of Orange Park is a Florida limited liability partnership organized under the laws of the State of Florida with a principal place of business at 7220 Blanding Blvd, Jacksonville, Florida 32244.

6.      Upon information and belief, the members of Defendant Hanania VOP, LLP d/b/a Volkswagen of Orange Park are Hanania Imports, Inc., a corporation organized under the laws of the State of Florida

with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244, and Defendant Hanania Automotive Corp. Three.

7.    Upon information and belief, Defendant Hanania Automotive Corp. Three is a corporation organized under the laws of the State of Florida with a principal place of business at 7220 Blanding Boulevard, Jacksonville, Florida 32244.

8.    Upon information and belief, Defendant HHH Motors, LLP d/b/a Hyundai of Orange Park is a Florida limited liability partnership with a principal place of business at 7600 Blanding Blvd, Jacksonville, Florida 32244.

9.    Upon information and belief, the members of Defendant HHH Motors, LLP d/b/a Hyundai of Orange Park are Hanania Imports, Inc., a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244, and Jack Y. Hanania, a citizen and resident of the State of Florida.

10.    Upon information and belief, Defendant Hanania AOJ, LLP d/b/a Audi Jacksonville is a Florida limited liability partnership with a principal place of business at 11401 Atlantic Blvd, Jacksonville, Florida 32225.

11.     Upon information and belief, the members of Defendant Hanania AOJ, LLP d/b/a Audi Jacksonville are Hanania Imports, Inc., a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244, and Defendant Hanania Automotive Corp. Four.

12.     Upon information and belief, Defendant Hanania Automotive Corp. Four is a corporation organized under the laws of the State of Florida with a principal place of business at 7230 Blanding Boulevard, Jacksonville, Florida 32244.

13.     Upon information and belief, Defendant Hanania Miami, LLP d/b/a Miami Acura is a Florida limited liability partnership with a principal place of business at 16601 S. Dixie Hwy, Miami, Florida 33157.

14.     Upon information and belief, the members of Defendant Hanania Miami, LLP d/b/a Miami Acura are Hanania Imports, Inc., a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244, and Defendant Hanania Automotive Eight, LLC.

15.     Defendant Hanania Automotive Eight, LLC is a named insured under Policy No. ADM 2513970-00, the policy at issue in this action, and is listed on that policy as a "Corporation"; however, following a diligent

search of the State of Florida's corporate records, upon information and belief Defendant Hanania Automotive Eight, LLC is a Florida limited liability company with a principal place of business at 16601 South Dixie Highway, Miami, Florida 33157.

16.     Upon information and belief, the members of Defendant Hanania Automotive Eight, LLC are Jack Y. Hanania, Jack H. Hanania, and Deborah S. Hanania, all citizens and residents of the State of Florida.

17.     Upon information and belief, Defendant Hanania Blanding 1, LLP d/b/a Subaru of Orange Park is a Florida limited liability partnership with a principal place of business at 6400 Blanding Blvd, Jacksonville, Florida 32244.

18.     Upon information and belief, the members of Defendant Hanania Blanding 1, LLP d/b/a Subaru of Orange Park are Hanania Imports, Inc., a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244, and Defendant Hanania Automotive Nine, LLC.

19.     Defendant Hanania Automotive Nine, LLC is a named insured under Policy No. ADM 2513970-00, the policy at issue in this action, and is listed on that policy as a "Corporation"; however, following a diligent search of the State of Florida's corporate records, upon information and

belief Defendant Hanania Automotive Nine, LLC is a Florida limited liability company with a principal place of business at 7023 Blanding Boulevard, Jacksonville, Florida 32244.

20.    Upon information and belief, the members of Defendant Hanania Automotive Nine, LLC are Jack Y. Hanania, Jack H. Hanania, and Deborah S. Hanania, all citizens and residents of the State of Florida.

21.    Upon information and belief, Defendant Hanania Blanding 2, LLP d/b/a Subaru of Orange Park is a Florida limited liability partnership with a principal place of business at 6400 Blanding Blvd, Jacksonville, Florida 32244.

22.    Upon information and belief, the members of Defendant Hanania Blanding 2, LLP d/b/a Subaru of Orange Park are Hanania Imports, Inc., a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244, and Defendant Hanania Automotive Ten, LLC.

23.    Defendant Hanania Automotive Ten, LLC is a named insured under Policy No. ADM 2513970-00, the policy at issue in this action, and is listed on that policy as a "Corporation"; however, following a diligent search of the State of Florida's corporate records, upon information and belief Defendant Hanania Automotive Ten, LLC is a Florida limited liability

company with a principal place of business at 6999 Blanding Boulevard, Jacksonville, Florida 32244.

24.    Upon information and belief, the members of Defendant Hanania Automotive Ten, LLC are Jack Y. Hanania, Jack H. Hanania, and Deborah S. Hanania, all citizens and residents of the State of Florida.

25.    Upon information and belief, Defendant HHH Motors 2, LLP d/b/a Westside Hyundai is a Florida limited liability partnership with a principal place of business at 1672 Cassat Avenue, Jacksonville, Florida 32210.

26.    Upon information and belief, the members of Defendant HHH Motors 2, LLP d/b/a Westside Hyundai are Hanania Imports, Inc., a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244, Defendant Hanania Automotive Corp. Six, and John H. Joyner, a citizen and resident of the State of Florida.

27.    Upon information and belief, Defendant Hanania Automotive Corp. Six is a corporation organized under the laws of the State of Florida with a principal place of business at 1672 Cassat Avenue, Jacksonville, Florida 32210.

28.    Upon information and belief, Defendant Hanania OPM, LLC d/b/a Orange Park Mitsubishi is a Florida limited liability company with a principal place of business at 8105 Blanding Blvd, Jacksonville, Florida 32244.

29.    Upon information and belief, the members of Defendant Hanania OPM, LLC d/b/a Orange Park Mitsubishi are Jack Y. Hanania, Jack H. Hanania, and Deborah S. Hanania, all citizens and residents of the State of Florida.

30.    Defendant Hanania FOP, LLP d/b/a Alfa Romeo and Fiat of Orange Park d/b/a Maserati of Jacksonville d/b/a Fiat of Orange Park ("Hanania FOP") is a named insured under Policy No. ADM 2513970-00, the policy at issue in this action, and is listed on that policy as a "LLC"; however, following a diligent search of Florida state corporate records, upon information and belief Defendant Hanania FOP is a Florida limited liability partnership with a principal place of business at 8105 Blanding Blvd, Jacksonville, Florida 32244.

31.    Upon information and belief, the members of Defendant Hanania FOP are Hanania Imports, Inc., a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244, Defendant Hanania

Automotive Corp. Seven, and Jack Y. Hanania, a citizen and resident of the State of Florida.

32.    Upon information and belief, Defendant Hanania Automotive Corp. Seven is a corporation organized under the laws of the State of Florida with a principal place of business at 8105 Blanding Boulevard, Jacksonville, Florida 32244.

33.    Upon information and belief, Defendant Hanania Motors, Inc. is a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Blvd, Jacksonville, Florida 32244.

34.    Upon information and belief, Defendant Hanania Automotive Management Corp. is a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244.

35.    Upon information and belief, Defendant Hanania Automotive Corp. is a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244.

36.    Upon information and belief Defendant Hanania Automotive Corp. Two is a corporation organized under the laws of the State of Florida

with a principal place of business at 7600 Blanding Boulevard, Jacksonville, Florida 32244.

37. Upon information and belief Defendant Hanania Automotive Corp. Five is a corporation organized under the laws of the State of Florida with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244.

38. Upon information and belief, Defendant Hanania-Richardson Motorcars, LLC d/b/a Coconut Point Honda is a Texas Limited Liability Company with a principal place of business at 22240 S. Tamiami Trail, Estero, Florida 33928 and is authorized to transact business in the State of Florida.

39. Upon information and belief, the members of Defendant Hanania-Richardson Motorcars, LLC d/b/a Coconut Point Honda are Defendant Hanania Automotive Corp. Five and Clark T. Richardson, a citizen and resident of the State of Texas who is authorized to and transacts business in the State of Florida.

40. Upon information and belief, Defendant Hanania-Stout Motorcars, LLC d/b/a Acura of Chattanooga is a Florida limited liability company with a principal place of business at 2131 Chapman Rd, Chattanooga, TN 37421.

41.    Upon information and belief, the members of Defendant Hanania-Stout Motorcars, LLC d/b/a Acura of Chattanooga are Jack Y. Hanania, Jack H. Hanania, citizens and residents of the State of Florida, and William R. Stout, a citizen and resident of the State of Tennessee who is authorized to and transacts business in the State of Florida.

42.    Upon information and belief, Defendant Hanania Collision Center, LLC is a Florida limited liability company with a principal place of business at 1481 Wells Rd, Orange Park, Florida 32073.

43.    Upon information and belief, the members of Defendant Hanania Collision Center, LLC are Jack Y. Hanania, Jack H. Hanania, and Deborah S. Hanania, all citizens and residents of the State of Florida.

44.    Upon information and belief, Defendant Scottjack, LLC is a Florida limited liability company with a principal place of business at 7200 Blanding Boulevard, Jacksonville, Florida 32244.

45.    Upon information and belief, the members of Defendant Scottjack, LLC are Jack Y. Hanania, Jack H. Hanania, citizens and residents of the State of Florida, and Scott A. Crabtree, a citizen and resident of the State of Virginia who is authorized to and transacts business in the State of Florida.

46.    Upon information and belief, Defendant Hanania-Crabtree Motorcars, LLC d/b/a Audi Jacksonville is a Florida limited liability company with a principal place of business at 11401 Atlantic Blvd, Jacksonville, Florida 32225.

47.    Upon information and belief, the members of Defendant Hanania-Crabtree Motorcars, LLC d/b/a Audi Jacksonville are Jack Y. Hanania, Jack H. Hanania, citizens and residents of the State of Florida, and Scott A. Crabtree, a citizen and resident of the State of Virginia who is authorized to and transacts business in the State of Florida.

48.    Upon information and belief, Defendant H2 Motorcars, LLC d/b/a Iron City Ford is a Florida limited liability company with a principal place of business at 9924 Parkway E, Birmingham, AL 35215.

49.    Upon information and belief, the members of Defendant H2 Motorcars, LLC d/b/a Iron City Ford are Jack Y. Hanania, Jack H. Hanania, Deborah S. Hanania, and Cheryl Hollyfield, all citizens and residents of the State of Florida.

50.    Hanania Automotive Group, HA Motors, LLP d/b/a Acura of Orange Park, Hanania VOP, LLP d/b/a Volkswagen of Orange Park, Hanania Automotive Corp. Three, HHH Motors, LLP d/b/a Hyundai of Orange Park, Hanania AOJ, LLP d/b/a Audi Jacksonville, Hanania

Automotive Corp. Four, Hanania Miami, LLP d/b/a Miami Acura, Hanania Automotive Eight, LLC, Hanania Blanding 1, LLP d/b/a Subaru of Orange Park, Hanania Automotive Nine, LLC, Hanania Blanding 2, LLP d/b/a Subaru of Orange Park, Hanania Automotive Ten, LLC, HH Motors 2, LLP d/b/a Westside Hyundai, Hanania Automotive Corp. Six, Hanania OPM, LLC d/b/a Orange Park Mitsubishi, Hanania FOP, Hanania Automotive Corp. Seven, Hanania Motors, Inc., Hanania Automotive Management Corp., Hanania Automotive Corp., Hanania Automotive Corp. Two, Hanania Automotive Corp. Five, Hanania-Richardson Motorcars, LLC d/b/a Coconut Point Honda, Hanania-Stout Motorcars, LLC d/b/a Acura of Chattanooga, Hanania Collision Center, LLC, Scottjack, LLC, Hanania-Crabtree Motorcars, LLC d/b/a Audi Jacksonville, H2 Motorcars, LLC d/b/a Iron City Ford are, hereinafter, collectively referred to as "Defendants."

51.    Upon information and belief, the Defendants collectively operate under Hanania Automotive Group.

52.    Upon information and belief, the Defendants are combinable and related entities for purposes of the procurement of insurance under multiple lines of coverage.

## **ALLEGATIONS**

15

53.     The amount in controversy between the parties is in excess of $75,000.00

54.     Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

55.     Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because a substantial part of the events, including contract formation and breaches of the contract giving rise to the claim occurred in Florida.

## FACTUAL BACKGROUND

56.     ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 55 as if fully set forth herein.

57.     ZAIC issued a multiple coverage commercial insurance policy to the Defendants which included general liability, crime and fidelity, and auto dealers' coverage, under Policy No. ADM 2513970-00 for the effective dates of October 1, 2018 to October 1, 2019 (the "ADM Policy").  A true and correct copy of the ADM Policy is attached hereto as **Exhibit A**.

58.     The ADM Policy is an insurance contract which provides insurance for certain liabilities of Defendants as set forth in the ADM Policy.

59.     Pursuant to the terms of the ADM Policy, *inter alia*, Defendants have a retention aggregate reimbursement obligation of $150,000.00 if ZAIC

pays for loss, damages, or "Loss Adjustment Expenses" to others on behalf of Defendants, as that term is defined in the ADM Policy.

60.    Pursuant to the terms of the ADM Policy, *inter alia*, Defendants also have a per accident liability deductible obligation of $5,000.00.

61.    In or about May 2019, Defendants submitted a claim to ZAIC under the ADM Policy for severe bodily injury allegedly sustained by claimant R.H.[1] ("Claimant") on or about November 4, 2018 (the "Underlying Claim").

62.    The Underlying Claim alleged bodily injury to Claimant arising from negligent work performed on an automobile owned by Claimant's daughter by Defendant Hanania Miami LLP d/b/a Miami Acura on or about November 4, 2018.

63.    Defendants accepted coverage of the Underlying Claim under the ADM Policy.

64.    Defendants admitted that the oil change on the vehicle was not completed properly, including that Defendants failed to replace the oil cap on the automobile.

---

[1] The name of the Claimant has been abbreviated to protect the privacy of the Claimant.

65.    Claimant's injuries included injuries to her lower back, right hip, left knee, neck, and right shoulder, including arthroscopic surgery to her right shoulder and a rotator cuff repair.

66.    The medical costs for Claimant's injuries related to the accident caused by Defendants' neglect repairs exceeded $170,000.

67.    The medical costs for Claimant's injuries related to the accident caused by Defendants' neglect repairs exceeded Defendants' retention aggregate.

68.    In or about April 2021, the Underlying Claim was settled by ZAIC for $240,000.00.

69.    ZAIC was permitted to settle the Underlying Claim without the approval of Defendants.

70.    ZAIC was permitted to settle the Underlying Claim without consulting Defendants.

71.    ZAIC acting in accordance with the terms of the ADM Policy when it settled with Underlying Claim.

72.    ZAIC paid the Underlying Claim settlement amount in full.

73.    ZAIC's payment of the Underlying Claim settlement amount triggered Defendants' retention aggregate reimbursement obligation of $150,000.00 owed by Defendants under the ADM Policy.

74.    Defendants have failed to remit payment of the $150,000 retention aggregate for the Underlying Claim.

75.    The Defendants also had a per accident liability deductible obligation of $5,000.00 due to ZAIC under the ADM Policy.

76.    Defendants' deductible obligation is in addition to Defendants' retention aggregate reimbursement obligation.

77.    Defendants' deductible obligation is not credited toward Defendants' retention aggregate reimbursement obligation.

78.    Defendants have failed to remit payment of the $5,000 deductible obligation for the Underlying Claim.

79.    ZAIC fulfilled its contractual obligations to Defendants and provided the coverage afforded by the ADM Policy.

80.    Defendants remain indebted, jointly and severally, to ZAIC in the amount of $155,000.00 [$150,000.00 + $5,000.00] for the unpaid retention aggregate and unpaid deductible due under the ADM Policy.

81.    ZAIC issued invoices and/or demands to Defendants for the payment of the retention aggregate and deductible due under the ADM Policy in a timely fashion.

82.    As of March 10, 2022, Defendants are indebted to ZAIC in the amount of $4,777.40 for interest on the retention aggregate and deductible balance due under the ADM Policy.

83.    ZAIC has repeatedly demanded payment of the $159,777.40 [$155,000.00 + $4,777.40] balance owed by Defendants and has attempted to collect same without success. A true and correct copy of the Statement of Account is attached hereto as **Exhibit B.**

84.    Defendants have failed, refused, and continue to refuse to remit payment of the outstanding balance which Defendants owe ZAIC pursuant to the terms of the ADM Policy, thereby resulting in damages to ZAIC in the amount of $159,777.40.

## COUNT ONE
### (Breach of Contract)

85.    ZAIC repeats, restates and realleges of Paragraphs 1 through 84 as if fully set forth herein.

86.    The ADM Policy is a written contract.

87.    Defendants are obligated pursuant to the ADM Policy to remit payment of the retention aggregate and all deductible amounts related to the Underlying Claim.

88.    Defendants have failed and refused to remit payment of the retention aggregate to ZAIC.

89.    Defendants have failed and refused to remit payment of the per accident liability deductible to ZAIC.

90.    Defendants have breached the insurance contract between the parties by their failure and refusal to remit payment to ZAIC of the retention aggregate and the per accident liability deductible amount related to the Underlying Claim.

91.    ZAIC has consistently met its contractual obligations to Defendants.

92.    Defendants, through their failure and refusal to remit payment, have breached the contract, i.e., the ADM Policy.

93.    Defendants' failure and refusal to pay the $159,777.40 balance which it owes to ZAIC has resulted in damages to ZAIC in the amount of $159,777.40, plus additional interest, attorney's fees, expenses, and court costs.

**WHEREFORE**, ZAIC demands judgment against Defendants jointly and severally in the amount of $159,777.40 for compensatory damages, together with attorney's fees, costs of suit, interest, and such further relief as this Court deems just and proper.

## COUNT TWO
### (Account Stated)

94.     ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 84 of this Complaint as if fully set forth herein.

95.     ZAIC provided Defendants with demands for payment and account statements.

96.     Defendants, being indebted to ZAIC upon accounts stated between them, promised to pay ZAIC upon demand.

97.     Defendants did not dispute the account statements provided by ZAIC.

98.     Defendants have no *bona fide* dispute regarding or defenses to the $159,777.40 balance owed to ZAIC.

99.     Defendants have failed, refused, and continue to refuse to pay the $159,777.40 balance which they owe to ZAIC, thereby resulting in damages to ZAIC in the amount of $159,777.40, plus interest, attorney's fees, expenses, and court costs.

**WHEREFORE**, ZAIC demands judgment against Defendants jointly and severally in the amount of $159,777.40 for compensatory damages, together with attorney's fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT THREE
### (Unjust Enrichment)

100.    ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 55 as if fully set forth herein.

101.    ZAIC has provided insurance coverage and related services to Defendants for which Defendants have refused to pay.

102.    Defendants have acknowledged and accepted the insurance coverage and related services provided by ZAIC.

103.    It would be unconscionable for Defendants to retain the benefits of insurance coverage and related services without payment to ZAIC.

104.    ZAIC has repeatedly demanded that Defendants remit payment of the $159,777.40 owed to ZAIC for the insurance coverage and related services provided by ZAIC.

105.    Defendants have failed, refused, and continue to refuse to pay the balance due and owing to ZAIC, thereby resulting in damages to ZAIC in the amount of $159,777.40.

**WHEREFORE**, ZAIC demands judgment against Defendants jointly and severally in the amount of $159,777.40 for compensatory damages, together with attorney's fees, costs of suit, interest and such further relief as this Court deems just and proper.

Respectfully submitted this 4th day of April, 2022.

*Elizabeth D. Salinas*
Elizabeth D. Salinas, Esq.
Florida Bar No. 113394
MOZLEY, FINLAYSON & LOGGINS LLP
4767 New Broad Street
Orlando, Florida 32814
Tel: (407) 514-2765
Fax: (404) 250-9355
esalinas@mfllaw.com